IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LONNIE JOSEPH PARKER<br>5805 Trinity Hts.<br>Texarkana, Arkansas 71854<br><br>      Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue NW,<br>Washington, DC 20535<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 20-cv-2534<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

### I. INTRODUCTION

1. Plaintiff Lonnie Joseph Parker ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Federal Bureau of Investigation (hereinafter "FBI") in failing to provide Plaintiff with all non-exempt records sought by his May 8, 2018, FOIA request sent to this federal agency, seeking copies of all FBI records that discuss or describe Plaintiff from January 1, 1982, to the present.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Lonnie Joseph Parker, is an individual that, at all times relevant herein, has resided in Texarkana, Arkansas.

5. Defendant Federal Bureau of Investigation is a federal agency of the United States, and a sub-component of the United States Department of Justice, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about May 8, 2018, Plaintiff Parker, by and through his attorney Daniel

J. Stotter, sent a FOIA request to the FBI, seeking copies of all records which discuss or describe Mr. Parker from January 1, 1982, to the present.

14. On or about May 21, 2018, the FBI sent Plaintiff a letter confirming receipt of Plaintiff's May 8, 2018, FOIA request, and assigning it reference number 1405303-000.

15. On or about August 10, 2018, Plaintiff by and through his attorney Daniel Stotter sent a letter to the FBI requesting an update for Plaintiff's FOIA request.

16. On or about September 28, 2018, Plaintiff's attorney again sent a letter to FBI, requesting the status of Plaintiff's May 8, 2018, FOIA request.

17. On or about July 31, 2019, Plaintiff through his attorney sent another letter to FBI inquiring as to the status of Plaintiff's May 8, 2018, FOIA request.

18. On or about August 9, 2019, the FBI sent a letter to Plaintiff's attorney, informing that the agency's processing of FOIA requests was backlogged, and that Plaintiff's FOIA Request had not yet been assigned a FOIA analyst.

19. On or about January 30, 2020, FBI issued a final decision on Plaintiff's May 8, 2018, FOIA request, releasing some records to Plaintiff, and withholding other records, in whole and in part, under claims of several FOIA exemptions.

20. On or about February 25, 2020, Plaintiff, by and through his attorney Daniel J. Stotter, filed a FOIA administrative appeal of the FBI's January 30 FOIA decision referenced above with the Department of Justice, alleging that the FBI had not performed an adequate search for responsive records, and had misapplied several FOIA exemptions

for the responsive records located by the agency in response to the above referenced FOIA request.

21.  As of the date of the filing of this action Plaintiff has still not received a response to his January 30, 2020, FOIA administrative appeal.

## VII. CLAIMS FOR RELIEF

22. Plaintiff realleges, as if fully set forth herein, paragraphs 1-21 previously set forth herein.

23.  Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his May 8, 2018, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

24.  By failing to provide Plaintiff with all non-exempt responsive record to his May 8, 2018, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant FBI has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

25. Defendant FBI has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 8, 2018, FOIA request.

26. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 8, 2018, FOIA request, Defendant FBI has denied

Plaintiff's right to this information as provided by law under the Freedom of Information Act.

27. Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

28. Plaintiff is directly and adversely affected and aggrieved by Defendant FBI's failure to provide responsive records to his FOIA request described above.

29. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant Federal Bureau Investigation has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his May 8, 2018, FOIA request.

2. Declare Defendant Federal Bureau of Investigation has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's May 8, 2018, FOIA request.

3. Direct by injunction that Defendant Federal Bureau of Investigation perform an adequate search for records responsive to his May 8, 2018, FOIA request, and provide Plaintiff with all non-exempt responsive records to his May 8, 2018, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 10th day of September 2020.

Respectfully submitted,

/s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**